# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

**WESTCHESTER COUNTY OFFICE**
*580 White Plains Road*
*Suite 620*
*Tarrytown, NY 10591*
*(914) 345-3701 Fax: (914) 345-3743*

*Kaitlyn P. Long*
Member CT, MA & NY Bars
(914) 593-7306
KLong@moodklaw.com

September 7, 2023

*[Signed: P. Kevin Castel, United States District Judge, 9/18/2023]*

<u>**VIA ECF:**</u>
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **<u>Edward M. Von Der Schmidt a/k/a Eddie Von Der Schmidt & Keanna Ngo v. Tom Higgins, et. al</u>**
Case No.: 23-cv-3919

Dear Judge Castel:

  This firm represents Tom Higgins, Flavio Colella, and Silverstein Properties, d/b/a River Place Management (hereinafter "the Defendants"), in the above-referenced matter. Pursuant to Rule 3(A) of Your Honor's Individual Practices and Rules, Defendants respectfully requests a pre-motion conference in advance of filing a Rule 12(b)(6) partial motion to dismiss the Third, Fourth, and Sixth Causes of Action of the First Amended Complaint filed by the Plaintiffs, Edward M. Von Der Schmidt a/k/a Eddie Von Der Schmidt & Keanna Ngo (hereinafter "Plaintiffs"). It follows that the Defendants respectfully request an extension to file an Answer as to the First Second, and Fifth Causes of Action of First Amended Complaint, until after the partial motion to dismiss has been decided.

  Plaintiffs assert a cause of action alleging a violation of New York State Laws: intentional infliction of emotional distress, negligent hiring/retention, defamation- slander per se, defamation - slander, negligent infliction of emotional distress, and premises liability alleging the defendants participated in the following:

- The building front desk allegedly granted access to the residents' elevators after midnight without notifying Plaintiffs or asking the individual for identification and that this individual harassed the Plaintiffs by blasting music outside the door, shaking the door handle while taunting them, and yelling at them through the door, and

{M0669367.1}

| Philadelphia | Cherry Hill | Wilmington | Towson | New York | Pittsburgh |
| Pennsylvania | New Jersey | Delaware | Maryland | New York | Pennsylvania |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.

September 6, 2023
Page 2

- It is alleged that Defendant Higgins knowingly defamed Plaintiff Von Der Schmidt when he allegedly contacted Plaintiff Von der Schmidt's family members, accusing him of having "paranoid delusions," See generally Compl.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Therefore, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Matson v. Bd. Of Educ., 631 F. 3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  While a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. at 555 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Bare legal conclusions, unsupported by factual allegations are "not entitled to the assumption of truth."  Rutson v. Town Bd., 610 F. 3d 55, 59 (2d Cir. 2010) (citing Hayden v. Paterson, 594 F. 3d 150, 161 (2d Cir. 2010).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 558).

The factual allegations must be enough to raise a right to relief above the speculative level. See Liburd v. Bronx Leb. Hosp. Ctr., 2008 U.S. Dist. LEXIS 62867 at 7 (S.D.N.Y. 2008).

Plaintiff's complaint fails to state a claim as a matter of law.  Nowhere in Plaintiffs' First Amended complaint does Plaintiff state a cause of action against Defendants because Plaintiffs fail to allege any wrongdoing by Defendant in the Third, Fourth, and Sixth Causes of Action. Furthermore, Plaintiffs' complaint and exhibits contain mere "labels and conclusions" including conclusory statements and do not contain any factual content.  Plaintiffs' complaint states, "Higgins's claims were contradicted by hard evidence that corroborates the couple's account of the harassment they had experienced while in their apartment at 1 River Place.", however, Plaintiffs only provided three unverified photos of a random individual at the front desk with security pointing left, and two photos of the same random individual in the elevator and what appears to be hallway. Compl. ¶¶ 34.  See. Doc. 1 attached Photos.

**I.     The Complaint Should Be Dismissed Because the Plaintiffs Fail To Allege a Valid Defamation- Slander Per Se Claim Under New York Law**

Under New York law, statements that "tend to injure another in his or her trade, business or profession" are considered defamation per se. *Liberman v Gelstein*, 80 NY2d 429, 435 [1992].

Here, Plaintiff alleges "Higgins engaged in slander against Mr. von der Schmidt to his family members after Mr. von der Schmidt had declined the request to sign an NDA the prior week regarding the cyber intrusions and harassment." Compl. ¶¶ 77.  Plaintiff also claims, "Mr. Higgins knowingly defamed Mr. von der Schmidt with unsolicited outreach to Mr. von der Schmidt's

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.
September 6, 2023
Page 3

family members, accusing him of having "paranoid delusions" on April 22, 2022, after individuals had harassed the couple at their front door in the middle of the night. Compl. ¶¶ 78. Plaintiffs failed to plead how these alleged statements caused an injury to their trade, business, or profession.

## II.     The Complaint Should Be Dismissed Because the Plaintiffs Fail To Allege a Valid Defamation Claim Under New York Law

Under New York law, an action for defamation requires the following elements: (1) publication, (2) to a third party, (3) of a false statement about the Plaintiff, (4) without privilege or authorization. "A defamatory statement is one which tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community." Knutt v Metro Intern., S.A., 91 AD3d 915, 916 [2d Dept 2012].

Here, Plaintiff alleges "Higgins engaged in slander against Mr. von der Schmidt to his family members after Mr. von der Schmidt had declined the request to sign an NDA the prior week regarding the cyber intrusions and harassment." Compl. ¶¶ 77. Plaintiff also claims, "Mr. Higgins knowingly defamed Mr. von der Schmidt with unsolicited outreach to Mr. von der Schmidt's family members, accusing him of having "paranoid delusions" on April 22, 2022, after individuals had harassed the couple at their front door in the middle of the night. Compl. ¶¶ 78. Plaintiffs failed to plead how these alleged statements caused injury to their reputation.

## III.    The Complaint Should Be Dismissed Because the Plaintiffs Fail To Allege a Valid Premises Claim Under New York Law

To succeed on a premises liability claim alleging any injury caused by a defective condition, the Plaintiff must demonstrate "that the [defendant] either created the defective condition or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." Id. at 202, 41 A.D.3d at 752. *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008).

In this instant case, Plaintiff alleged, "That on or about April 17, 2022, there was an attempt to gain unauthorized entry to Mr. von der Schmidt and Ms. Ngô's apartment with a key belonging to 2319, as evidenced by the building's access logs furnished by the management office on April 18, 2022." Compl. Sixth Cause of Action ¶¶ 12. Plaintiffs, however, only provided three unverified photos of a random individual at the front desk with security pointing left, and two photos of the same random individual in the elevator and what appears to be hallway. The pleading and photos do not demonstrate Defendants created the defective condition or had actual or constructive notice the random individual named "Miguel" arrived to the Plaintiffs front door and said that he was there "to keep [them] safe," insisting that they "go to sleep." And then proceeded to harass the Plaintiffs by blasting music outside the door, shaking the door handle while taunting them, and yelling at them through the door. Id. at 16-17.

Based upon the foregoing, the Defendants respectfully seek a partial dismissal of the Amended Complaint pursuant to Rule 12(b)(6) and the scheduling of a pre-motion conference at the Court's convenience. The Defendants propose that its motion be filed 30 days after the pre-

{M0669367.1}

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

September 6, 2023
Page 4

motion conference, and Plaintiffs 60 days to file their opposition. Additionally, the Defendants propose to file the reply papers 20 days after the opposition is due.

        Respectfully Submitted,

        **MARKS, O'NEILL, O'BRIEN,**
        **DOHERTY & KELLY, P.C.**

        _____
        KAITLYN P. LONG

KPL/nls

Defendants are free to file their motion provided they do so by October 6, 2023. Plaintiffs may respond and defendants may reply in accord with Local Civil Rule 6.1.

Time to answer all claims to which the motion is not directed is extended to October 6.

Discovery is not stayed.

Parties to submit Joint Case Management Plan and Scheduling Order by October 10, 2023.

Letter motions DE 24 and DE 25 are terminated.

SO ORDERED.
Dated: 9/18/2023

_____
P. Kevin Castel
United States District Judge

{M0669367.1}